J-S20003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 3443 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013280-2010,
CP-51CR-0013277-2010, CP-51CR-0013279-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 2164 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013277-2010,
CP-51-CR-0013279-2010, CP-51-CR-0013280-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 2165 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013277-2010,

CP-51-CR-0013279-2010, CP-51-CR-0013280-2010

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED:  MAY 24, 2021**

Appellant, Kevin Pickard, appeals *nunc pro tunc* from the judgment of

sentence entered on August 17, 2012.  After careful review, we affirm.

We previously summarized the procedural history, in relevant part, as

follows:

> Appellant proceeded to a jury trial that began on June 13, 2012.
> On June 25, 2012, the jury found Appellant guilty of the following
> crimes:[1] one count of aggravated assault at trial court docket
> number CP-51-CR-0013279-2010; a second count of aggravated
> assault at trial court docket number CP-51-CR-0013280-2010;
> and a third count of aggravated assault and one count of
> possessing an instrument of crime ("PIC") at trial court docket
> number CP-51-CR-0013277-2010.4  N.T, 6/25/12, at 10–12.[2]
>
> > 4  All three aggravated assault counts were convictions
> > under 18 Pa.C.S. § 2702(a)(1), and the single count
> > of PIC was a violation of 18 Pa.C.S. § 907(a).
>
> On August 16, 2012, the Commonwealth filed a motion for
> reconsideration, averring that the aggregate sentence was too
> lenient and asking the trial court to impose a longer term of total
> confinement.  Commonwealth's Motion for Reconsideration,
> 8/16/12, at 2–5.  On August 17, 2012, the trial court granted the

---

[1]  The jury was unable to reach a decision on the charged counts of attempted murder, 18 Pa.C.S. § 2502.  Thus, the trial court declared a mistrial on all three counts of attempted murder.

[2]  The trial court sentenced Appellant to five-to-ten-year terms of imprisonment, to run concurrently, for each aggravated-assault conviction and for the PIC conviction, followed by five years of probation.  Thus, the aggregate sentence was five to ten years of incarceration followed by five years of probation.

Commonwealth's motion for reconsideration and vacated the August 10, 2012 sentencing order. The trial court resentenced Appellant as follows: at trial court docket number CP-51-CR-0013277-2010, the trial court imposed a sentence of five to ten years of incarceration for aggravated assault, followed by a consecutive term of two to four years of incarceration for PIC. N.T., 8/17/12, at 27. At trial court docket number CP-51-CR-0013279-2010, the trial court sentenced Appellant to a consecutive term of five to ten years of incarceration for aggravated assault, *id.* at 27–28, and at trial court docket number CP-51-CR-0013280-2010, the trial court imposed another consecutive sentence of five to ten years of incarceration. *Id.* at 28. The trial court ordered Appellant to serve the sentences consecutively, resulting in an aggregate sentence of seventeen to thirty-four years of incarceration.[3] *Id.* Appellant did not file a direct appeal.

On November 15, 2012, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Thereafter, Appellant, *pro se*, filed numerous documents with the PCRA court, and eventually, the PCRA court appointed counsel. Counsel filed an amended PCRA petition on October 15, 2014, and the PCRA court held a hearing on January 29, 2016. Following the hearing, the PCRA court reinstated Appellant's right to file post-sentence motions and a direct appeal *nunc pro tunc*. Order, 1/29/16.

***Commonwealth v. Pickard***, 240 A.3d 992, 3443 EDA 2018, *1–2 (Pa.

Super. filed September 29, 2020) (non-precedential decision).

What followed were a series of procedural missteps that we addressed

in ***Pickard***, 3443 EDA 2018, and they account for Appellant's proper filing of

his *nunc pro tunc* post-sentence motion on December 22, 2017. The PCRA

court denied the motion on November 19, 2018. PCRA Court Opinion,

---

[3] The Commonwealth had asked the court to impose the maximum possible sentence of thirty-two and one-half to sixty-five years of imprisonment. N.T., 8/17/12, at 4.

1/10/19, at 2. On November 29, 2018, Appellant filed timely appeals at all three trial court docket numbers, and the appeals were docketed at Superior Court docket number 3443 EDA 2018. *Pickard*, 3443 EDA 2018, at *3.

We determined, pursuant to *Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), that although Appellant's separate notices of appeal bore more than one trial court docket number, the notices of appeal did not run afoul of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), or Pa.R.A.P. 341. *Pickard*, 3443 EDA 2018, at *4. Additionally, because Appellant's counsel failed to file a Pa.R.A.P. 1925(b) statement, as ordered, we concluded, pursuant to *Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa. Super. 2009), that it precluded appellate review and was presumptively prejudicial and clear ineffectiveness. Thus, we remanded for Appellant's counsel to prepare and file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within ten days of September 29, 2020, the date we filed our decision, and for the trial court to file a Pa.R.A.P. 1925(a) opinion within forty-five days thereafter. *Pickard*, 3443 EDA 2018, at *5. This matter is now ripe for disposition.

Appellant raises the following issue in this appeal:

1. Did the lower court abuse its discretion in denying Appellant's Motion for Reconsideration of Sentence?

Appellant's Brief at unnumbered 2.

We first determine whether Appellant's issue is preserved for our review because it is well established that failure to comply with the minimal

- 4 -

requirements of the Pennsylvania Rules of Appellate Procedure will result in the waiver of those issues on appeal. ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005). Here, Appellant's counsel filed the Pa.R.A.P. 1925(b) statement *nunc pro tunc* on January 19, 2021, more than three months late. Failure to comply with the time requirements of Rule 1925 will result in the automatic waiver of appellate review of the issues raised in the untimely statement. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011); ***Commonwealth v. Castillo***, 888 A.2d 775, 779-780 (Pa. 2005).

Despite noting Appellant failed to comply with our time-for-filing directive, the trial court did not find waiver and instead, addressed the merits of the issue. We conclude that because the trial court has filed an opinion addressing the issue presented in the late Rule 1925(b) concise statement, and due to the myriad problematic procedural issues heretofore that resulted from counsel's representation, we will not find the issue waived on this basis. ***See Commonwealth v. Rodriguez***, 81 A.3d 103 (Pa. Super. 2013) (concise statement filed four days late did not result in waiver where trial court issued opinion addressing issues raised therein); ***Burton***, 973 at 433 (where the appellant filed an untimely Pa.R.A.P. 1925(b) statement one day after it was due, appellate court may decide appeal on merits if trial court had adequate opportunity to prepare opinion addressing issues raised on appeal).

As clarified in Appellant's Rule 1925(b) statement, Appellant asserts that his sentence is unduly harsh and excessive and that the trial court imposed

consecutive sentences without justification in the record. [Appellant's] Rule 1925 Statement of Matters Complained of on Appeal, 1/19/21. Appellant, in a single sentence, also makes a passing reference that the increased sentence is the result of judicial vindictiveness. Appellant's Brief at unnumbered 10. Appellant's issue is one of discretionary aspects of sentencing. ***Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa. Super. 2006).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original). Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors.

- 6 -

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

Herein, Appellant has met the first two requirements of the four-part test. Appellant filed a timely appeal and raised the challenge in a post-sentence motion. However, Appellant has not included in his appellate brief the necessary statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, this omission is not fatal to Appellant's sentencing challenge because the Commonwealth has not objected. ***See Commonwealth v. Yeomans***, 24 A.3d 1044 (Pa. Super. 2011) ("[W]hen the appellant has not included a Rule 2119(f) statement, and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate"). As Appellant has suggested the trial court weighed only some, but not all, of the 42 Pa.C.S. § 9721 sentencing factors, Appellant's Brief at unnumbered 10, we conclude that Appellant raised a substantial question about the appropriateness of the sentence.[4] ***See Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (finding a substantial question where the appellant averred that the trial court failed to consider certain sentencing

---

[4] We have chosen to overlook that Appellant wholly fails to specify what specific sentencing factors the trial court ignored.

factors in conjunction with an assertion that the sentence imposed was excessive).

In assessing the merits of a challenge to the discretionary aspects of a sentence, we apply the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (citing ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)); ***see also Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice bias or ill-will, or such a lack of support as to be clearly erroneous.").

After review, we discern no abuse of discretion in the sentences imposed. At Appellant's sentencing, the trial court was apprised of the Sentencing Guidelines, the maximum sentences available, and the PSI report. N.T. (Sentencing), 8/17/12, at 4–5. When the sentencing court has the benefit of a pre-sentence investigation report, we presume that the court was aware of all relevant sentencing factors. ***Commonwealth v. Knox***, 219 A.3d

186, 199 (Pa. Super. 2019) (citing *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)).

Moreover, we cannot conclude that Appellant's aggregate sentence of seventeen to thirty-four years of incarceration is extreme and excessive for three separate convictions of aggravated assault graded as first-degree felonies. Indeed, the trial court discussed the details of Appellant's crimes, and the details emphasize that Appellant's actions were more than a "typical" aggravated assault because Appellant went on a shooting spree on a public street. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (affirming an aggravated-range sentence where one of the grounds for the sentence was that the defendant's actions deviated from a typical case of the offense under consideration); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 771 (Pa. Super. 2015) (affirming the trial court's imposition of consecutive sentences and an aggregate term of thirty-one to sixty-two years of incarceration where the trial court specifically considered that defendant fired a gun on a public street and the only reason he did not kill someone was "for the grace of God"). Here, as Appellant shot his intended adult target, he also shot two young children, ages two and eight, as they played with other children in the area. N.T., 6/13/12, 32; N.T., 6/18/12, at 138.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained its reasons for imposing the sentences as follows:

> At the hearing regarding the Motion for Reconsideration of Sentencing, after both sides were given ample opportunity to

present, the [trial c]ourt stated, "After reviewing the motion, hearing the arguments, and reconsidering all of the factors, including the sentencing guideline[s], all presentencing court and character reference letters, the need to protect the public, which in this case [Appellant] was found guilty of total disregard for the possible consequences of shooting a large handgun down a residential block on a summer afternoon, injuring not only his intended target, but two innocent children playing outside, and the gravity of this offense[,] in particular in relation to the impact of the victim and the community, the injury to the victim, and the two-year-old in particular, [was] severe and life-altering not only for the children, but for their mother as well, who has not returned to the home she once occupied because of the emotional trauma, the [c]ourt finds it appropriate at this time to vacate it[]s [A]ugust 10th, 2012 sentence…" N.T. 8/17/12, pgs. 26–27. It's clear that the [c]ourt considered the protection of the community and, given the facts and nature of the case, this reconsideration was neither harsh nor excessive, and was certainly just. The sentence was altered from running concurrently to consecutively, which is within the discretion of the sentencing judge. The above statement of the trial court clearly shows that the court thoughtfully considered every relevant factor and made an informed decision in altering the sentence. . . .

Trial Court Opinion, 3/10/21, at 5–6.

Appellant focuses on his claim that the trial court abused its discretion in imposing consecutive, rather than concurrent sentences.[5] To the extent that Appellant is unhappy with the duration of his incarceration due to the consecutive nature of the sentences, the decision to order sentences to run

---

[5] Appellant's passing reference to vindictiveness in sentencing, Appellant's Brief at unnumbered 10, is waived for failure to develop a meaningful argument supported by citation to relevant authority. "Where an appellate brief . . . fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Donoughe*, 243 A.3d 980, 986 (Pa. Super. 2020) (quoting *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009)). "It is not the role of this Court to "formulate an appellant's arguments for him." *Donoughe*, 243 A.3d at 986.

concurrently or consecutively is left to the discretion of the trial court. ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018). It is well settled that an appellant is not entitled to a "volume discount" for his crimes by having all of his sentences run concurrently. ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995). We conclude that the trial court acted within its discretion in imposing consecutive sentences. Accordingly, Appellant's contrary claim lacks merit.

Judgment of sentence affirmed.

Judge Stabile joins the Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/21